Nathan J. Hochman (State Bar No. 139137)
  nhochman@bgrfirm.com
Carl Alan Roth (State Bar No. 151517)
  croth@bgrfirm.com
Noah S. Helpern (State Bar No. 254023)
  nhelpern@bgrfirm.com
David D. Kim (State Bar No. 293445)
  dkim@bgrfirm.com
**BROWNE GEORGE ROSS LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant Mark Loman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>MARK LOMAN,<br><br>            Defendant. | Case No. 2:19-CV-06187-MWF (AGRx)<br>Hon. Michael W. Fitzgerald<br>Hon. Alicia G. Rosenberg<br><br>**DEFENDANT MARK LOMAN'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:  None Set |

Defendant Mark Loman ("Defendant") answers the Complaint of Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission") as follows:

1. Paragraph 1 contains no factual allegations, and, therefore, no response is required. To the extent Paragraph 1 purports to state legal conclusions, no response is required.

2. Paragraph 2 states legal conclusions to which no response is required.

3. Paragraph 3 states legal conclusions to which no response is required.

4. Mr. Loman admits that he served as Controller and Vice President of Finance of OSI Systems, Inc. ("OSIS") from 2006 to 2017, and that OSIS is a Hawthorne, California based security, healthcare, and optoelectronics company. The remaining allegations in Paragraph 4 state legal conclusions to which no response is required; to the extent a response is required, Mr. Loman denies the remaining allegations in Paragraph 4.

5. Mr. Loman admits that in early 2016, OSIS publicly announced its quarterly financial results. The allegations in Paragraph 5 are otherwise denied.

6. Mr. Loman admits that, in February 2016, he sold 100 put options of OSIS stock. The allegations in Paragraph 6 are otherwise denied.

7. Mr. Loman admits that he purchased shares of American Science and Engineering ("ASEI") in March 2016 and sold those shares in June 2016. The allegations in Paragraph 7 are otherwise denied.

8. Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, Mr. Loman admits that shares of OSIS and ASEI stock are, or were, traded on the NASDAQ exchange; the allegations in Paragraph 8 are otherwise denied.

9. Mr. Loman admits the allegations in Paragraph 9.

10. Subject to the correction that OSIS trades on the NASDAQ exchange, Mr. Loman admits the allegations in Paragraph 10.

11. Paragraph 11 pertains to parties other than Mr. Loman, and, therefore,

no response by Mr. Loman is required. To the extent a response is required, Mr. Loman, at this time, is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and, on that basis, the allegations are denied.

12. Mr. Loman admits that he served as OSIS's Controller and Vice President of Finance and that OSIS made quarterly financial announcements and made required filings with the Commission. The allegations in Paragraph 12 are otherwise denied.

13. Mr. Loman admits that he served as OSIS's Controller and Vice President of Finance. The allegations in Paragraph 13 are otherwise denied.

14. Mr. Loman admits that, after each quarter of its fiscal year, OSIS announced its financial results for that quarter. The allegations in Paragraph 14 are otherwise denied.

15. Mr. Loman admits that he served as OSIS's Controller and Vice President of Finance. The allegations in Paragraph 15, to the extent they are not legal conclusions to which no response is required, are otherwise denied.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Mr. Loman admits that, at some point during his employment with OSIS, he was provided with OSIS's insider trading policy. To the extent that Paragraph 16 purports to relate to the contents of documents, the documents are the best evidence of their contents and Mr. Loman respectfully refers Plaintiff and the Court to the documents themselves.

17. At this time, Mr. Loman is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and, on that basis, the allegations are denied. To the extent that Paragraph 17 purports to relate to the contents of documents, the documents are the best evidence of their contents and Mr. Loman respectfully refers Plaintiff and the Court to the documents themselves.

18. Paragraph 18 states legal conclusions to which no response is required.

To the extent a response is required, Mr. Loman admits that OSIS issued stock to him during his employment; the remaining allegations in Paragraph 18 are otherwise denied.

19. Paragraph 19 is vague, conclusory, ambiguous and lacks sufficient information for Mr. Loman to admit or deny the allegations, and, on that basis, the allegations are denied.

20. Paragraph 20 is vague, conclusory, ambiguous and lacks sufficient information for Mr. Loman to admit or deny the allegations, and, on that basis, the allegations are denied.

21. Paragraph 21 is vague, conclusory, ambiguous and lacks sufficient information for Mr. Loman to admit or deny the allegations, and, on that basis, the allegations are denied. Mr. Loman is also without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 21, and, on that basis, the allegations are denied.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Mr. Loman is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 22, and, on that basis, the allegations are denied.

23. At this time, Mr. Loman is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and, on that basis, the allegations are denied.

24. To the extent Paragraph 24 alleges conduct by persons other than Mr. Loman, no response by Mr. Loman is required. The allegations in Paragraph 24 are otherwise denied.

25. Mr. Loman admits that, on December 28, 2015, he purchased 100 put options of OSIS stock with a strike price of $90 and an expiration of February 19, 2016; sold 100 call options of OSIS stock with a strike price of $95 and an expiration of February 19, 2016; and sold 50 call options of OSIS stock with a strike

1340831.1   -3-   Case No. 2:19-CV-06187-MWF (AGRx)
ANSWER TO COMPLAINT

price of $95 and an expiration of April 15, 2016. The remaining allegations in Paragraph 25 are otherwise denied.

26. Mr. Loman admits that, on December 28, 2015, he purchased 100 put options of OSIS stock with a strike price of $90 and an expiration of February 19, 2016. The remaining allegations in Paragraph 26 are otherwise denied.

27. Mr. Loman admits that, on December 28, 2015, he sold 100 call options of OSIS stock with a strike price of $95 and an expiration of February 19, 2016 and sold 50 call options of OSIS stock with a strike price of $95 and an expiration of April 15, 2016. The remaining allegations in Paragraph 27 are otherwise denied.

28. Mr. Loman admits that, in late January 2016, OSIS announced its financial results for the second quarter of its 2016 fiscal year. The allegations in Paragraph 28 are otherwise denied.

29. Mr. Loman admits that, on February 1, 2016, he sold the 100 put options of OSIS stock that he had purchased on December, 28 2015. The allegations in Paragraph 29 are otherwise denied.

30. Mr. Loman denies the allegations in Paragraph 30.

31. Mr. Loman denies the allegations in Paragraph 31.

32. Mr. Loman denies the allegations in Paragraph 32.

33. Mr. Loman admits that, on the morning of March 3, 2016, he placed an order to buy 10,000 shares of ASEI at $24.91 per share. The allegations in Paragraph 33 are otherwise denied.

34. To the extent that Paragraph 34 purports to relate to the contents of a special blackout notification, the document is the best evidence of its contents and Mr. Loman respectfully refers Plaintiff and the Court to the document itself. The allegations in Paragraph 34 are otherwise denied.

35. Mr. Loman admits that, in June 2016, OSIS announced that it would acquire ASEI. The allegations in Paragraph 35 are otherwise denied.

36. Mr. Loman admits that, on June 22, 2016, he sold the 10,000 shares of ASEI stock that he had purchased on March 3, 2016. The allegations in Paragraph 36 are otherwise denied.

37. Mr. Loman denies the allegations in Paragraph 37.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, Mr. Loman denies the allegations in Paragraph 38.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, Mr. Loman denies the allegations in Paragraph 39.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, Mr. Loman denies the allegations in Paragraph 40.

41. Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, Mr. Loman denies the allegations in Paragraph 41.

42. Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, Mr. Loman denies the allegations in Paragraph 42.

43. Mr. Loman denies the allegations in Paragraph 43.

44. Mr. Loman denies the allegations in Paragraph 44.

45. Mr. Loman incorporates his responses to Paragraphs 1 through 44 as though fully set forth herein.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Mr. Loman denies the allegations in Paragraph 46.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, Mr. Loman denies the allegations in Paragraph

47.

Mr. Loman denies that Plaintiff is entitled to any relief whatsoever in connection with the allegations set forth in the Complaint. To the extent Plaintiff's prayer for relief states legal conclusions, no response is required.

## AFFIRMATIVE DEFENSES

Mr. Loman alleges the following affirmative defenses to the allegations set forth in the Complaint:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Lack of Trading on the Basis of Material Non-Public Information)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because Mr. Loman did not buy or sell securities on the basis of material, non-public information.

## THIRD AFFIRMATIVE DEFENSE
(Lack of Scienter)

The claim alleged in the Complaint cannot be maintained, in whole or in part, because Mr. Loman did not knowingly or recklessly breach any alleged duty to OSIS or its shareholders with respect to any of the claims asserted in the Complaint. Any alleged conduct in this case by Mr. Loman lacked the requisite scienter.

## FOURTH AFFIRMATIVE DEFENSE
(Lack of Materiality)

The claim alleged in the Complaint cannot be maintained, in whole or in part, because none of the conduct alleged in the Complaint was material to the investment decisions of reasonable investors.

## FIFTH AFFIRMATIVE DEFENSE

(Public Information)

The claim alleged in the Complaint cannot be maintained, in whole or in part, because there was substantial public information available concerning the revenue contraction experienced by OSIS in the 2016 fiscal year and the likelihood of ASEI's acquisition.

## SIXTH AFFIRMATIVE DEFENSE

(Good Faith)

The claim alleged in the Complaint cannot be maintained, in whole or in part, because Mr. Loman at all times acted in good faith and did not directly or indirectly commit any acts constituting the alleged claim, or any of the bases thereof.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Plead Fraud with Particularity)

The claim alleged in the Complaint cannot be maintained, in whole or in part, because Plaintiff failed to plead the underlying facts with sufficient particularity.

## EIGHTH AFFIRMATIVE DEFENSE

(Injunctive Relief Not Warranted)

Plaintiff's claim for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated. Plaintiff's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

## NINTH AFFIRMATIVE DEFENSE

(Penalties Not Warranted)

Plaintiff's claim for penalties is barred because there has been no violation of the Securities Act or the Exchange Act, and because any alleged violation was isolated and/or unintentional.

By alleging the matters set forth in these defenses, Mr. Loman does not allege

or admit that he has the burden of proof and/or persuasion with respect to any of these matters. Mr. Loman presently lacks sufficient knowledge or information on which to form a belief as to whether he may have available additional affirmative defenses. For this reason, Mr. Loman reserves his right to assert affirmative and/or additional defenses in the event that discovery indicates that they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Loman, having fully answered the Complaint, prays that the Court:

1. Dismiss the Complaint with prejudice;

2. Enter judgment in favor of Mr. Loman and an Order that Plaintiff shall recover nothing; and

3. Award Mr. Loman the costs incurred to defend this action including reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Mr. Loman hereby demands a trial by jury on all aspects of this case so triable.

Dated: September 16, 2019

BROWNE GEORGE ROSS LLP
Nathan J. Hochman
Carl Alan Roth
Noah S. Helpern
David D. Kim

By: */s/ Nathan J. Hochman*
Nathan J. Hochman
Attorneys for Defendant Mark Loman

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2019, I electronically filed the foregoing **DEFENDANT MARK LOMAN'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

## SERVICE LIST

*Securities and Exchange Commission vs. Mark Loman*
**USDC CD CA Case No. 2:19-cv-06187-MWF (AGRx)**

| | |
|---|---|
| Erin E. Schneider<br>Sheila E. O'Callaghan<br>Susan F. LaMarca<br>Jeremy E. Pendrey<br>Ruth L. Hawley<br>United States Attorney's Office<br>44 Montgomery Street, Suite 2800<br>San Francisco, California 94104<br>Telephone: (415) 705-2500<br>Facsimile: (415) 705-2501<br>Email:  SchneiderE@sec.gov<br>OCallaghanS@sec.gov<br>LaMarcaS@sec.gov<br>PendreyJ@sec.gov<br>HawleyR@sec.gov | Attorneys for Plaintiff<br>Securities and Exchange Commission |

_____
Jeremy Berk